UNITED STATES DISTRICT COURT
DISTRICT OF MAINE


| | |
|---|---|
| PHILIP C. TOBIN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No.  07-163-B-W |
| | ) |
| ALGORA PUBLISING, INC., | ) |
| | ) |
| Defendant | ) |

*DECISION RECOMMENDING SUMMARY DISMISSAL OF DIVERSITY ACTION*

Philip Tobin has filed an in forma pauperis complaint alleging that the defendant, Algora Publishing, Inc., tortiously interfered with his business expectancy when it re-titled a book by Tobin which they had contracted to publish.

I have screened this action pursuant to 28 U.S.C. § 1915(e)(2)(B), see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir.2007) (observing that § 1915 is "an efficient means by which a court can screen for and dismiss legally insufficient claims"); Palaniappan v. Angamuthu, No. 07-CV-0176A, 2007 WL 2973582, *1 (W.D.N.Y. Oct. 4, 2007) (applying Abbas to a non-prisoner in forma pauperis complaint screening), through the prism of Bell Atlantic Corp. v. Twombly, __ U.S.__, 127 S. Ct. 1955 (May 21, 2007).  Under Twombly  Tobin's complaint must demonstrate "a plausible entitlement to relief." 127 S.Ct. at 1967. See also Erickson v. Pardus, --- U.S. ----, 127 S.Ct. 2197, 2200 (June 4, 2007); Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 - 96 (1st Cir. 2007).   Even if I did not screen this complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), this court has a responsibility to independently examine its subject matter jurisdiction.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 95 (1998).

In his clearly articulated complaint Tobin alleges that he signed a publishing contract with the defendant for publishing a book in which he had a valid business expectancy and the defendant was aware of this expectancy.  (Compl. ¶¶ 2,3.)  Tobin maintains that the defendant "intentionally interfered" with his business expectancy when it changed the title of Tobin's book "in such a way as to diminish the broad market appeal of plaintiff's book, changing the title from 25 DOCTRINES OF LAW YOU SHOULD KNOW  to 25 DOCTRINES OF LAW; Survival Tools for a Litigious Society."  (Compl. ¶ 4.)  Tobin alleges "that defendant's re-titling of plaintiff's book was ill advised, lacked marketing justification and was done over plaintiff's objections."  (Compl. ¶ 5.)  He claims that "the defendant's arrogant action has resulted in damages in loss of income to plaintiff."  (Compl. ¶ 6.)   In his 'wherefore' clause Tobin further describes the defendant's action as "misfeasance and negative affirmative conduct," exhibiting "reckless indifference to the importance of the role of title in the effective marketing of plaintiff's book. (Compl. at 2.)  Tobin seeks nominal compensatory damages of $2150 and punitive damage in the amount of $80,000.  (Id.)

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

As Magistrate Judge Cohen explained in Barrett v. Bergen:

> Under Maine law, punitive damages are available "based upon tortious conduct only if the defendant acted with malice." Tuttle v. Raymond, 494 A.2d 1353, 1361 (Me.1985). Malice exists where the defendant's conduct is motivated by ill will toward the plaintiff or where the defendant's deliberate conduct is so outrageous that malice toward the injured plaintiff can be implied. Id. Here, the complaint fails to allege malice or conduct so outrageous that malice can be implied. Even when every reasonable inference from the well-pleaded facts in the complaint is drawn in favor of the plaintiff, as required when evaluating a motion to dismiss for failure to state a claim upon which relief may be granted, Pihl v.

Massachusetts Dep't of Educ., 9 F.3d 184, 187 (1st Cir.1993), the complaint in this case fails to state a claim for punitive damages….

Civ. No. 99-239-P-C, 2000 WL 761789 (D. Me. Feb. 14, 2000).

Tobin's own descriptions of the defendants' motivation as ill advised, unjustified, arrogant, recklessly indifferent, malfeasant, and negative plainly do not meet the Tuttle standard for punitive damages in the context of the conduct of which he complains – a publisher changing the name of a book it is publishing to make it marketable.  Under Twombly, Tobin's complaint must demonstrate "a plausible entitlement to relief," 127 S. Ct. at 1967, and "if a complaint pleads facts that show that the plaintiff does not have a claim, the complaint should be dismissed without further ado," Thomson v. Washington, 362 F.3d 969, 970 (7th Cir. 2004). Tobin does not have a claim for punitive damages and he, therefore, having acknowledged that his compensatory damages amount to $2150, he cannot meet the $75,000 floor for diversity jurisdiction.

Accordingly, I recommend that the Court dismiss this action for want of subject matter jurisdiction.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

October 26, 2007.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge